# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT BINFORD,           )
     Petitioner,          )     3:08-cv-00360-LRH-VPC
                                   )
vs.                       )     ORDER
                                   )
JACK PALMER, *et al.*,    )
     Respondents.         )
_____/

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Robert Binford, a prisoner at Nevada's Lovelock Correctional Center. Pending before the Court is respondents' motion to dismiss. (Docket #13).

**I.   Procedural History**

The State filed a criminal complaint on March 30, 2005, and an amended criminal complaint on April 13, 2005, charging petitioner with three counts of sexual assault with a minor under fourteen years of age; two counts of lewdness with a child under the age of fourteen, and one count of open or gross lewdness. (Exhibits 4 and 5).[1] The State filed an information in the district court on June 1, 2005. (Exhibit 8). On February 23, 2006, the State filed an amended information and a guilty plea agreement, pursuant to negotiations with petitioner. (Exhibits 11 and 12). Pursuant to the agreement, petitioner agreed to plead guilty to one "category A" felony count of lewdness with a child under the age of fourteen, and both parties jointly agreed to recommend a sentence of life with

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #12 and #14).

1  parole eligibility after ten years. (Exhibit 12). On April 10, 2006, petitioner was sentenced to life in
2  prison with parole eligibility after ten years, with 54 days credit for time served. (Exhibit 14). The
3  judgment of conviction and guilty plea were filed on April 12, 2006. (Exhibit 15). Petitioner did not
4  appeal the judgment.

5  On January 31, 2007, petitioner filed a *pro per* motion to correct illegal sentence. (Exhibit
6  18). On March 14, 2007, the district court denied the motion. (Exhibit 20).

7  On March 13, 2007, petitioner filed a *pro per* post-conviction habeas petition in state court.
8  (Exhibit 22). The district court denied the petition on June 27, 2007. (Exhibit 27). Petitioner filed a
9  notice of appeal from the denial of his state habeas petition. (Exhibit 31). The Nevada Supreme
10 Court affirmed the denial of petitioner's state habeas petition, by order filed June 6, 2008. (Exhibit
11 33).

12 On January 28, 2008, petitioner filed a motion to modify judgment and vacate sentence.
13 (Exhibit 35). The state district court filed an order denying the motion on February 20, 2008.
14 (Exhibit 37). Petitioner filed a notice of appeal from the denial of the motion. (Exhibit 38). On
15 October 15, 2008, the Nevada Supreme Court affirmed the district court's denial of the motion.
16 (Petitioner's Exhibit G).

17 **II.  Discussion**

18 **A.  Form of Petition**

19 On June 27, 2008, this Court received petitioner's *pro se* federal habeas petition pursuant to
20 28 U.S.C. § 2254. (Docket #1, Docket #6). Respondents filed the instant motion to dismiss on
21 November 13, 2008. (Docket #13). Just prior to the filing of the motion to dismiss, on November
22 10, 2008, petitioner filed a document entitled "amended petition." (Docket #12). The Court will
23 construe the "amended petition" as a statement of additional claims, inasmuch as it only challenges a
24 Nevada Supreme Court's decision in petitioner's case filed after the original petition was filed.
25 (Docket #12).

26
27

1  Respondents seek dismissal of the original petition on the basis that it does not comply with
2  Rule 2 of the Rules Governing Section 2254 Cases. Respondents point out that, on the federal
3  habeas petition form, petitioner did not fully set forth his grounds for relief, but instead wrote "see
4  state petition and motion attached to this petition for grounds." (Docket #6, at p. 3). Petitioner
5  attached his state habeas petition to the federal petition in its entirety, as well as his motion to modify
6  judgment and vacate sentence, which was also filed in state court. (Docket #6, Attachments).

7  A habeas petitioner may incorporate claims into his federal petition by reference to state
8  pleadings to present his federal claims with sufficient particularity. *Dye v. Hofbauer*, 546 U.S. 1, 4
9  (2005) (citing Fed. R. Civ. P. 81(a)(2) and 10(c)). Respondents' argument that the petition should be
10  dismissed for failing to set forth the grounds on which he seeks relief is denied. The state petition
11  and motion are appropriately incorporated by reference into petitioner's federal habeas petition.

12  **B. Exhaustion**

13  Respondents seek dismissal of the petition because it is mixed, with both exhausted and
14  unexhausted claims. Respondents' only argument regarding exhaustion is that the claim raised in
15  petitioner's motion to modify sentence and vacate judgment was still pending before the Nevada
16  Supreme Court. On October 15, 2008, nearly a month after the filing of respondents' motion to
17  dismiss, the Nevada Supreme Court issued its order denying petitioner's appeal from the denial of
18  said motion. (Petitioner's Exhibit G). Because this claim is now exhausted, respondents' argument
19  lacks merit and is no basis for dismissal of the petition or claims within the petition.

20  **C. Procedural Default of Certain Claims**

21  Respondents contend that Grounds 1-5, and Ground 6(u) must be dismissed as procedurally
22  barred.

23  **1. Procedural Default Principles**

24  Generally, in order for a federal court to review a habeas corpus claim, the claim must be
25  both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).
26  A federal court will not review a claim for habeas corpus relief if the decision of the state court
27

regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. Application to the Instant Case**

In the federal petition, petitioner incorporates by reference the grounds he made in his state habeas petition, specifically: Ground 1 alleges that the State and the district court failed to seek a competency hearing; Ground 2 alleges that the district court entered an ambiguous sentence; Ground 3 alleges that the district court was biased during sentencing and failed to consider all possible sentence ranges; Ground 4 alleges that the provisions of lifetime supervision were unconstitutional; Ground 5 alleges that the State failed to introduce evidence that appellant's therapist violated a professional duty; Ground 6(u) alleges that petitioner's counsel failed to ensure that petitioner appeared before a psychological review board to ensure that he would be eligible for parole consideration.

In affirming the denial of petitioner's state habeas petition, the Nevada Supreme Court found that Grounds 1-5 and Ground 6(u) of the petition were barred by NRS 34.810(1)(a). (Exhibit 33, at pp. 1-2, 16).  The Ninth Circuit has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810(1)(a) – is an independent and adequate state ground barring federal review.  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Grounds 1-5 and Ground 6(u) were denied on adequate and independent state law grounds. Petitioner has not demonstrated cause and prejudice to excuse the procedural default, therefore, these grounds are procedurally defaulted and barred from federal review.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #13), is **GRANTED in part, and DENIED in part**, as follows:

1. Respondents' argument that the petition should be dismissed for failing to set forth the grounds on which he seeks relief is denied.  The state petition and motion are appropriately incorporated by reference into petitioner's federal habeas petition.

2. The grounds of the federal petition (Docket #6), and the "amended petition," construed as a statement of additional claims (Docket #12) are exhausted. Respondents' motion to dismiss the petition for failure to exhaust is denied.

3. Respondents' motion to dismiss Grounds 1-5 and Ground 6(u) as procedurally barred is granted. Grounds 1-5 and Ground 6(u) of the federal habeas petition are dismissed with prejudice. This action shall proceed on the remaining grounds.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, respondents **SHALL FILE an answer** to all remaining grounds of the federal petition (Docket #6), and the "amended petition," construed as a statement of additional claims (Docket #12). Successive motions to dismiss are prohibited.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer within **thirty (30) days** of being served with the answer.

DATED this 22nd day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE